IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY A. WEAVER | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-08-2375 |
| U.S. DEPT. OF JUSTICE | * | |
|     Defendant. | | |
| | ***** | |

**MEMORANDUM OPINION**

On September 4, 2008, Plaintiff Randy A. Weaver, a detainee at the Frederick County Detention Center, filed the instant Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that the U.S. Department of Justice ("DOJ") failed to respond to his August 11, 2008 request for "any/all records in [its] custody and/or control that relate directly to this requester." (Paper No. 1). Plaintiff has not submitted an indigency application and prisoner account information required under 28 U.S.C. § 1915(a). He shall not, however, be required to correct this deficiency. For reasons to follow, the Complaint shall be dismissed without prejudice.

Title 5 U.S.C. § 552 presents a legislative directive to federal agencies to make certain information available to the public. An agency must disclose its records unless such records fall under one of the nine enumerated exceptions set out in § 552(b). The DOJ is an agency within the reach of the provisions of 5 U.S.C. § 551 and is therefore subject to the FOIA.

Under § 552(a)(3), each agency, upon any request for records which reasonably describes such records and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person. The time limit set out in 5 U.S.C. § 552(a)(6)(A) for an agency's response to an FOIA request is twenty days from the receipt of the request; this limit "may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(I). Federal courts have the

power to allow an agency additional time to complete its review of a request if the agency can show that "exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C).

At present, all Plaintiff states is that as of September 2, 2008, the DOJ's, FOIA Records Officer in the District of Columbia has failed to respond to his August 11, 2008, request for records. His action, filed within twenty-two days of his FOIA request, is premature. The failure to receive a response within that time period does not alone suggest that Defendant has improperly withheld the record in question, thus triggering the jurisdiction of this district court. The Court is well aware that in unusual circumstances, the timetable for complying with an FOIA request may be extended by written notice to the claimant. *See* § 552(a)(6)(B). It is unknown whether such notice was in fact furnished to Plaintiff in this case. For these reasons, the Complaint shall be dismissed without prejudice. A separate Order shall be entered reflecting the opinion set out herein.


Date: September 24, 2008                    /s/
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE